WENTWORTH, Judge.
Appellant, the Escambia County comptroller, seeks review of a declaratory judgment which determined that he is not entitled under Chapter 83-405, Special Acts, Laws of Florida, to reimbursement from the Escambia County Civil Service Board for services rendered to the board. Appellant argues that Chapter 83-405 permits, and Escambia County resolutions compel, the board to compensate the comptroller for such services. We find that because Chapter 83-405 requires the Escambia County Board of County Commissioners to fund the operating budget and member expenses of the Civil Service Board, the Board of County Commissioners is responsible for compensating the comptroller for services rendered to the Civil Service Board. We therefor affirm.
Appellant is administrator and custodian of Escambia County funds under Chapter 73-455, Special Acts, Laws of Florida, which specifies the duties of the county comptroller. The Board of County Commissioners, beginning in 1983, has enacted annual resolutions which provide for payment of specific sums by the Board of County Commissioners to the comptroller for services rendered pursuant to Chapter 73-455. The resolutions in addition authorize the comptroller to bill separately other “elected officials and boards” for the cost of services rendered in addition to those specified in Chapter 73-455. The Legislature in 1983 enacted Chapter 83-405, Special Acts, Laws of Florida, which provides that the Escambia County Board of County Commissioners and District School Board are to jointly fund the Civil Service Board *883 member expenses and operating budget. The Civil Service Board has no other revenue generating capabilities. Chapter 83-405 further requires the comptroller to administer the board’s budget, but makes no provision for compensation of the comptroller for that service.
Appellant in August, 1985, submitted to the Civil Service Board an invoice for $15,-000 for services rendered during fiscal year 1985. The board refused to authorize payment of the invoice. Appellant sought a declaratory judgment as to the parties’ rights under Chapters 218 and 83-405. Following a hearing the court determined that appellant was not entitled to reimbursement from the Civil Service Board because Chapter 83-405 requires the comptroller to administer the board’s funds and does not provide for compensation for that service.
We find that because Chapter 83-405 requires the Board of County Commissioners and the District School Board to fund the Civil Service Board, the judgment herein properly determined that appellant is not entitled to reimbursement from the Civil Service Board for services rendered to it.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.